[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10868
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20360-DPG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONTA BICHETTE BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 9, 2021)

Before MARTIN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Donta Brown appeals his conviction for one count of being a felon in possession of a firearm and ammunition. He asserts the officers who seized him during a traffic stop did not have probable cause to do so because they waited an unreasonable amount of time between witnessing him commit the traffic infraction and commencing the traffic stop. No reversible error has been shown,[1] and we affirm.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. When police stop a vehicle, a Fourth Amendment "seizure" occurs. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). In gauging whether the stop was valid, we have previously stated law enforcement could "stop a vehicle '[w]hen there [was] probable cause to believe that the driver [was] violating any one of the multitude of applicable traffic and equipment regulations' relating to the operation of motor vehicles." *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990) (quoting *Delaware v. Prouse*, 440 U.S. 648, 661 (1979)). Later, we noted a traffic stop would be valid if it was based on either: (i) "probable cause to believe that a traffic violation has

---

[1] A ruling on a motion to suppress presents a mixed question of law and fact. *United States v. Gibbs*, 917 F.3d 1289, 1294 (11th Cir. 2019). We review the district court's legal conclusions *de novo* and its factual findings for clear error, and all facts are construed in the light most favorable to the prevailing party. *Id.*

2

occurred;" or (ii) "reasonable suspicion [of criminal conduct] in accordance with *Terry* [*v. Ohio*, 392 U.S. 1, 30 (1968)]." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). Thus, the probable cause standard is met when an officer personally observes a traffic infraction. *Id.* Stopping, standing, or parking a vehicle in a way that obstructs traffic is a violation of Florida traffic regulations. Fla. Stat. § 316.1945(1)(a).

In the context of the government's application for a search warrant, whether information used to show probable cause becomes stale after the lapse of time is decided on the particular facts of the case. *United States v. Bervaldi*, 226 F.3d 1256, 1264-65 (11th Cir. 2000). However, we have never held the staleness doctrine extends to probable cause determinations in the context of warrantless searches and seizures.

The district court did not err in denying Brown's motion to suppress because the officers had probable cause to effectuate the traffic stop. Both officers observed Brown park his vehicle illegally, with the tail-end of the vehicle remaining in the road obstructing oncoming traffic. Both officers determined this was a traffic infraction, at which point they had probable cause to effectuate a stop. *See* Fla. Stat. § 316.1945(1)(a); *Harris*, 526 F.3d at 1337; *Strickland*, 902 F.2d at 940. Although the officers did not initiate the traffic stop for seven minutes, and did not pull Brown over for five blocks, that delay did not extinguish probable

3

cause because the officers witnessed the traffic infraction firsthand and this Court has not extended the staleness doctrine to these circumstances. *See Harris*, 526 F.3d at 1337. Further, because probable cause existed, the officers' other motivations in initiating the stop—to further investigate Brown's behavior going into and exiting the convenience store or to find a place to effectuate the stop—did not undermine the reasonableness of the stop. *See Whren*, 517 U.S. at 813 (stating an officer's subjective intentions play no role in an ordinary, probable-cause Fourth Amendment analysis). As a result, the district court did not err in denying Brown's motion to suppress.

**AFFIRMED.**